Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave,
7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHN EMANUELE,                                Case No.: 17-cv-4737

                             Plaintiff,      **ECF CASE**

                  v.                       **COMPLAINT AND JURY DEMAND**
                                                  **FOR DAMAGES FOR COPYRIGHT**
NORTHROCK CHURCH,                     **INFRINGEMENT**

                             Defendant.
-----------------------------------------------------------------x

      Plaintiff JOHN EMANUELE, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant NORTHROCK CHURCH for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

      2.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This Court has *in personam* jurisdiction over the Defendants because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade. Upon information and belief, NRC solicits money through its YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

4. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

5. Defendant NRC synchronized, reproduced, and distributed the Subject Advertisements through websites like YouTube. This is a tort (copyright infringement) committed without the state.

6. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

7. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

8. YouTube placed plaintiff's name on each of the Subject Advertisement, and NPC expected or should have reasonably expected its acts to have consequences in New York State.

9. Defendant was expressly told there was no license for any use in May 2016. Defendant ignored the notice and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license. Clearly, defendant knew its acts would have consequences in this Judicial District.

10. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## PARTIES

11. Plaintiff JOHN EMANUELE is an individual residing in Flushing, New York.

12. Upon information and belief, defendant NORTHROCK CHURCH ("NRC") is an unincorporated church with its principal place of business located 1270 North Loop 1604 E, San Antonio, TX 78232.

## COPYRIGHTED WORKS

13. Plaintiff is the sole beneficial owner of an original musical work titled *Chillin*, which is identified in Copyright Registration No. SR 677-965 attached as **Exhibit A** (the "Copyrighted Composition").

14. Upon information and belief, NRC produced a promotional advertisement for itself, synchronizing plaintiff's Copyrighted Composition without a synchronization, sound recording, and publishing license (the "Subject Advertisement"). NRC then caused the work to be transmitted to the public for performance on its YouTube page found at <https://www.youtube.com/watch?v=BeVbyKG2wE0> where any visitor to the website could view the promotional advertisement without restriction.

15. On or about March 6, 2017, EMANUELE discovered the NRC infringement.

16. On March 7, 2017, EMANUELE reached out to NRC by email, informing defendant that there was no record for NRC's use of the Copyrighted Composition, which plays from start to finish.

17. Defendant NRC admitted it could not produce a license in emails dated March 8, 2017, and March 9, 2017.

18. Attached as **Exhibit 2** is the email string between defendant NRC and plaintiff.

19. Defendant NRC did not, however, take down the subject advertisement, knowing there was no license, until counsel for plaintiff was forced to intervene on or around July 20, 2017.

20. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

21. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

22. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

23. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video embodying plaintiff's Copyrighted Composition.

24. Defendant admitted to copying, synchronizing, and distributing the Copyrighted Composition without a license for any use.

25. Defendant admitted it could not produce a license.

26. Defendant admitted that despite its full knowledge of its licensing duties, it did not take the Subject Advertisement down for months.

27. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 11, 2017  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)